Argued and submitted September 13, 1984, appeal dismissed March 6, 1985

In the Matter of the Marriage of

## MATHENA,
*Appellant,*
*and*

## MATHENA,
*Respondent.*

(79-334 E; CA A30205)

696 P2d 587

Richard E. Forcum, Bend, argued the cause for appellant. With him on the briefs were David E. Paulson, and Forcum, Parker & Speck, Bend.

Neil D. Smith, Klamath Falls, argued the cause for and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals from an order amending a dissolution decree and modifying spousal suport. He contends that the court erred by modifying the decree to provide for spousal support when none had been awarded originally. He also challenges the amount of support, the fact that it was awarded retroactively and the way in which the trial court relied on his retirement pension in reaching its decision. Regardless of what merit husband's claim may have, wife argues that we have no jurisdiction to hear the case, because the notice of appeal was not timely. She is correct, so we dismiss the appeal.

The following chronology of events will be helpful in bringing this case into focus:

July 20, 1983: The trial judge announced his decision, by letter opinion, on wife's request to modify the 1979 divorce decree to provide for spousal support. That decision underwent some minor changes six days later on July 26, 1983.

August 29, 1983: Wife prepared a "finding of fact and order," which was served on husband's attorney and approved as to form. The reason for the month-long delay is not clear from the record.

August 31, 1983: The trial judge signed the "finding of fact and order." (After he signed it on August 31, the trial judge held the findings, apparently waiting for objections.)

September 13, 1983: The "finding of fact and order" was filed with the court clerk. Husband also filed his objections to the findings on this date.

November 14, 1983: Husband filed his notice of appeal.

A notice of appeal must be filed within 30 days of the entry of the final judgment or order. *See* ORS 19.010 and 19.026. Because the trial court made detailed findings of fact in this case, we need to refer to ORCP 62 to determine when the final order was entered. ORCP 62 provides, in pertinent part:

"**A. Necessity.** Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon. In the

absence of such a demand for special findings, the court may make either general or special findings. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein.

"**B. Proposed findings; objections.** Within 10 days after the court has made its decision, any special findings requested by any party, or proposed by the court, shall be served upon all parties who have appeared in the case and shall be filed with the clerk; and any party may, within 10 days after such service, object to such proposed findings or any part thereof, and request other, different, or additional special findings, whether or not such party has previously requested special findings. Any such objections or requests for other, different, or additional special findings shall be heard and determined by the court within 30 days after the date of the filing thereof; and, if not so heard and determined, any such objections and requests for such other, different, or additional special findings shall conclusively be deemed denied.

"**C. Entry of judgment.** Upon (1) the determination of any objections to proposed special findings and of any requests for other, different, or additional special findings, or (2) the expiration of the time for filing such objections and requests if none is filed; or (3) the expiration of the time at which such objections or requests are deemed denied, the court shall enter the appropriate order or judgment. Any such judgment or order filed prior to the expiration of the periods above set forth shall be deemed not entered until the expiration of said periods.

"**D. Extending or lessening time.** Prior to the expiration of the times provided in sections B. and C. of this rule, the time for serving and filing special findings, or for objecting to and requesting other, different, or additional special findings, may be extended or lessened by the trial court upon the stipulation of the parties or for good cause shown; but in no event shall the time be extended more than 30 days."

A reading of ORCP 62C discloses that the trial court is to enter judgment on the occurrence of one of three events: (1) when any objections to the findings are ruled on by the court; (2) the time for filing objections to the findings (10 days) elapses and no objections are filed; or (3) the court does not rule on the objections for 30 days and they are therefore deemed denied. Under ORCP 62D, any one of those time periods can be extended or lessened by the court for good cause or on the parties' stipulation.

Husband argues that the final order in this case was not entered until his objections to the findings were deemed denied, 30 days after they were filed (*i.e.,* October 13). ORCP 62C(3). Accordingly, he contends that his notice of appeal was timely filed on November 14.[1] We disagree.

After reviewing the facts of this case in the light of Rule 62, we come to the inescapable conclusion that husband's notice of appeal was not timely. A copy of the proposed findings was served on him on August 29. He did not file his objections until September 13, 15 days later. In *Union Oil Co. v. Clackamas County,* 67 Or App 27, 29, 676 P2d 948, *rev den* 297 Or 227 (1984), we said:

> "* * * ORCP 62B provides that objections to proposed findings are to be filed within 10 days after the proposed findings are served on the parties (unless the parties or the trial court extend the time, ORCP 62D), and the judgment is to be entered upon the expiration *of that time period* if no objections are filed. ORCP 62C(2). * * *" (Emphasis in original.)

The ten-day period for filing objections expired, in this case, on September 8, and no objections had been filed. Although the trial judge could have extended that period under ORCP 62D, either unilaterally or at the parties' request, from this record it is clear that he did not. It is therefore apparent that the objections that husband filed on September 13 were too late and of no consequence. When the court, in compliance with ORCP 62C, entered the order on September 13, it became final. Accordingly, the 30-day period for filing a notice of appeal expired on October 13. Husband's notice of appeal, filed November 14, was a month late.

Appeal dismissed. No costs to either party.

---

[1] Husband correctly notes that, even though November 12 would actually be 30 days after October 13, when the last day of a time period falls on a Saturday, Sunday or legal holiday, the period is extended until the next judicial day. ORCP 10A. Because November 12 was a Saturday and November 13 was a Sunday, the 30-day period would have been extended to include Monday, November 14.