Argued and submitted October 29, 1990, affirmed May 22, 1991

Mary LIPP,
*Appellant,*

*v.*

MENTAL HEALTH FOR CHILDREN, INC.,
*Respondent.*

(89-90640; CA A62716)

812 P2d 7

Lawrence Deckman, Eugene, argued the cause and filed the brief for appellant.

Jens Schmidt, Eugene, argued the cause for respondent. With him on the brief was Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant that dismissed her claim for $3,422.14 for back wages and penalties after a court trial. ORS 652.140;[1] ORS 652.150.[2] We affirm.

The court made these findings. Plaintiff applied to become an employee of defendant, which operates a school for emotionally disturbed children in Springfield. She and the school business administrator, Greene, negotiated terms for her employment for the period from October 6, 1987, to March 18, 1988. She and the school director, Wellard, signed a document entitled "Letter of Employment." It stated that plaintiff would be a temporary special education teacher. Under the heading "Salary," the letter stated that plaintiff would receive "17,993/Annual Base + Health Insurance Benefits," and that her employment was subject to "[r]egular conditions for temporary employment as per personnel policies." When she received her first salary check, she disputed its amount. Wellard explained the check to her. Thereafter, she received monthly checks for the same amount.

On March 3, 1988, plaintiff and Greene negotiated terms for a second employment period, from March 19 to June 17, 1988, the end of the regular school year. She told Greene that her salary computation was not an issue. She was given a second "Letter of Employment," which stated that she would receive "$17,993 Annual Base payable @ 1/12 per month with partial months prorated" and that her employment was subject to "[r]egular conditions of temporary employment as per personnel policies." She reviewed the letter with an attorney and then signed it.

■ For the two periods of her employment, plaintiff

---

[1] ORS 652.140 provides:

"(1) Whenever an employer discharges an employee, or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *."

[2] ORS 652.150 provides:

"If an employer wilfully fails to pay any wages or compensation of any employee who is discharged or who quits employment, as provided in ORS 652.140, then, as penalty for such nonpayment, the wages or compensation of such employee shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days * * *."

received $12,676.83 for 165 days of work. Her monthly pay was calculated by dividing $17,993 by 12, with the quotient prorated for the partial months that she worked. The court did not expressly find, but there was evidence that, the regular school year consisted of 190 days. Plaintiff's position is that she is entitled to 165/190 of the annual base of $17,993, or $15,625.49. The court did not agree. It concluded:

> "[P]laintiff was a temporary employee of defendant whose salary was explained orally to her, prior to commencing each of two consecutive temporary employment periods; that she was paid salary in accordance with, and consistent with, that explanation given by defendant that plaintiff was entitled to and received monthly pay equal to one twelfth of $17,993, prorated for days worked; and that the 'letter(s) of employment' were summaries of oral contracts previously negotiated by the parties and were not, nor intended to be, contracts (or agreements) of employment."

Plaintiff assigns as error that the court concluded that the letters of employment were only summaries of oral contracts, not contracts themselves. The letters stated plaintiff's position, the dates and conditions of her temporary employment, her salary and her sick leave accrual rate and that she agreed to comply with defendant's personnel policies. Both parties signed both letters. Contrary to the court's conclusion, the letters were contracts of employment. However, the error does not affect the result.

Taken together, the contracts are unambiguous and set out the compensation to which plaintiff was entitled. Contrary to plaintiff's second assignment of error, the court correctly excluded evidence about defendant's past custom and usage of the term "annual base," which she asserts is ambiguous and means that she was entitled to be paid over the summer. As a temporary teacher, plaintiff received each month that she worked one-twelfth of an "annual base" salary of $17,993. Her salary was prorated for the partial months that she worked. She was hired as a temporary employee for two specific periods, not for the 190-day school year. Neither contract suggests that she was to be paid over the summer. The construction of a contract is a question of law. *Deerfield Commodities, Ltd. v. Nerco, Inc.,* 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985). The court did not err when it did not admit evidence of custom and

usage. *See* ORS 41.740. Plaintiff received the sums to which she was entitled.

Plaintiff also assigns as error that the court failed to make a finding of fact or conclusion of law that defendant failed to pay plaintiff's wages when due. Plaintiff failed to preserve any error. *See* ORCP 62B; *see also Mathena and Mathena,* 72 Or App 578, 582, 696 P2d 587 (1985).

Affirmed.