Argued and submitted January 7, reversed and remanded October 5, 1983

# UNIVERSAL IDEAS CORP.
*Appellant,*

*v.*

# LINN COUNTY, OREGON, acting by and through RILEY,
*Respondent.*

(80-0400; CA A23408)

669 P2d 1164

Jay W. Frank, Eugene, argued the cause and filed the briefs for appellant.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the supplemental brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem. On respondent's brief were Robert A. Ford, and Bromley & Ford, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is a negligence action against Linn County, arising out of the clerk's failure to mail notice to plaintiff pursuant to former ORS 18.030, now ORCP 70B(1), that judgment had been entered against plaintiff in *Universal Ideas Corporation v. Esty,* a contract action. ORS 18.030 provided:

> "All judgments shall be entered by the clerk in the journal. All judgments shall specify clearly the judgment debtor, judgment creditor, the amount to be recovered, the relief granted or other determination of the action. The clerk shall, on the date judgment is entered, mail a copy of the judgment and notice of the date of entry of the judgment to each party who is not in default for failure to appear. The clerk also shall make a note in the docket of the mailing. In the entry of all judgments, except judgments by default for want of an answer, the clerk shall be subject to the direction of the court."

Plaintiff alleges that, because the clerk failed to notify the parties of the entry of the judgment, the time for appeal expired before plaintiff was aware of that fact. As a result, plaintiff's appeal was filed more than 30 days after entry of the judgment and was dismissed. *See Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979). Plaintiff's attorney's affidavit, part of the evidence in the case, alleged that, had the clerk complied with his duty under ORS 18.030, a timely notice of appeal would have been filed. The complaint alleged that, had the notice of appeal been timely filed, the judgment against plaintiff would have been reversed and that, as a result of the dismissal of the appeal, plaintiff sustained damages in the amount of $618,900.

Trial was held to the court on stipulated facts, affidavits and exhibits. The court concluded that defendant was negligent in failing to comply with ORS 18.030; that it was not immune from liability under the provisions of ORS 30.265; and that plaintiff was not contributorily negligent, but that the issues in *Universal Ideas v. Esty,* which had been resolved against plaintiff, were binding on plaintiff in the present litigation. As a result, the trial court held that plaintiff was collaterally estopped from contending in the present case that the issues should have been resolved differently in the prior litigation.

The trial court error is clear. The doctrine of collateral estoppel has no application. This is not a collateral attack on a judgment or any finding of fact or conclusion of law made in the original case. The judgment in *Universal Ideas v. Esty* is binding between those parties. The purpose of this action is not to reverse that judgment, but to recover damages from defendant that plaintiff claims it sustained because of defendant's negligence in preventing an appeal which would have resulted in a new trial in which plaintiff would have prevailed. This case is analogous to a legal malpractice action in which the relevant determinations are whether, had an appeal been timely taken, plaintiff would have prevailed and, on retrial, have obtained a more favorable result. *See St. Paul Fire & Marine Ins. v. Speerstra,* 63 Or App 533, 540, 666 P2d 255 (1983). In such a case, the first issue for the trial court is to determine on the record made in the original trial, as though it were a direct appeal, whether plaintiff would have prevailed had the appeal been timely taken. If that is resolved in plaintiff's favor, the second matter before the trial court is to retry the original case on the merits to determine whether, on the facts and law, plaintiff should have prevailed. *See Chocktoot v. Smith,* 280 Or 567, 572-76, 571 P2d 1255 (1977).

Because the trial court erred in concluding that plaintiff was collaterally estopped to challenge the correctness of the rulings made in the trial of *Universal Ideas, Inc. v. Esty,* plaintiff is entitled to a new trial. In the trial of this case, however, the trial court determined the following relevant issues: that defendant was negligent; that it was not immune from liability under ORS 30.265; and that plaintiff was not contributorily negligent in causing the dismissal of the appeal. Defendant has not cross-appealed and has not challenged those rulings on appeal. *See Artman v. Ray,* 263 Or 529, 534, 501 P2d 63, 502 P2d 1376 (1972). On retrial, these issues are to be regarded as settled.[1]

In its second assignment of error, plaintiff contends that the trial court erred in determining that ORS 30.270(1), which under the Oregon Tort Claims Act, ORS 30.260 to

---

[1] The trial court's conclusion of law that "the conduct of defendant Linn County did not deprive plaintiff of its constitutional rights under Article I, section 10, of the Oregon Constitution" is gratuitous and is not raised by any of the pleadings in the case.

30.300, limits the liability of public bodies, their officers, employes or agents acting within the scope of their employment, is not unconstitutional under Article I, section 10, of the Oregon Constitution. Because plaintiff obtained no judgment against defendant, any decision on that question would be premature.

Reversed and remanded.