On respondent's motion to dismiss filed September 21,
appeal dismissed November 16, 1983

## JUNCTION CITY WATER
## CONTROL DISTRICT,
*Respondent,*

*v.*

## ELLIOTT,
*Appellant.*

(TC No. 16-82-09077; CA A29365)

672 P2d 59

David L. Wold, and Hershner, Hunter, Miller, Moulton &
Andrews, Eugene, appeared for the motion.

Harold D. Gillis, P.C., Eugene, appeared for appellant.

Before Warden, Presiding Judge, Joseph, Chief Judge, and
Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Respondent has moved for an order dismissing the appeal. The issue is whether the notice of appeal was timely filed. We hold that it was not and allow the motion.

Respondent filed an action in Lane County circuit court to acquire an easement through appellant's farm. On March 31, 1983, the trial court entered an order granting respondent's motion for summary judgment. Respondent submitted to the trial court a proposed "Order and Judgment," which was signed and entered on April 4, 1983. However, appellant was never sent notice of the entry of the judgment as required by ORCP 70B.[1] On July 20, 1983, appellant's attorney, at the courthouse on another matter, discovered the judgment in the court file. The next day, appellant moved for an order setting aside the judgment and entering a new one or, in the alternative, changing the entry date.

On August 11, 1983, the trial court entered an order granting the alternative part of appellant's motion and ordering that the "clerk of the court is directed to modify the entry date of the order and judgment from April 4, 1983, to the date of this order, August 11, 1983." On August 18, appellant filed a notice of appeal from the judgment with the new entry date of August 11.

Respondent argues that *Farwest Landscaping Inc. v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979), controls and dictates that the appeal must be dismissed as untimely. In that case the trial court had set aside a judgment order and entered a new one *for the sole purpose of extending the time for appeal.* The Supreme Court held that the trial court had no authority to do that. Although the appellant there had argued that he was told by the court clerk that judgment had not been entered when in fact it had, the court found that the failure of the court clerk to comply with former ORS 18.030 did not invalidate the judgment or require its re-entry.

Appellant argues that *Farwest* can be distinguished from this case because *Farwest* was decided before the enactment of ORCP 70B, which provides in part:

---

[1] ORCP 9 and Lane County Circuit Court Rule 6.091(1) also provide for a copy of the judgment to be furnished each party.

"(1) All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date the judgment is entered, mail a notice of the date of entry of the judgment to the attorneys of record, if any, of each party who is not in default for failure to appear. * * *

"(2) Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered as provided in this rule."

Former ORS 18.030, which was in effect when *Farwest* was decided, did not contain the language of ORCP 70B(2) that "a judgment is effective only when entered as provided in this rule."

The argument is unpersuasive. Rule 70B(2) states that *"for purposes of these rules,* the judgment is effective only when entered as provided in this rule." (Emphasis supplied.) ORS 19.026 is jurisdictional and provides that the time for appeal begins to run when a judgment is *entered.* Judgment was *entered* here on April 4, 1983, and the appeal time began to run. The Comment to the rule acknowledges that a rule conflicting with the statute would be beyond the rulemaking authority. Merrill, *Oregon Rules of Civil Procedure: A Handbook* 156 (1981). Whatever the effect of the rule was intended to be, ORCP 70B(2) was not written in response to *Farwest* and the problem which the Supreme Court addressed in that case.

*Farwest* can also be distinguished from this case, appellant argues, because here the trial court did not set aside a judgment order and enter a new one solely to extend the time for appeal. The court issued an order *modifying* the entry date to August 11, 1983, to allow proper compliance with ORCP 70B. The court, appellant asserts, has inherent authority to modify a judgment in addition to the authority it has under ORCP 71A to vacate judgments to correct clerical mistakes and to set aside judgments taken by mistake, inadvertence, fraud and the like.

The Supreme Court stated in *Farwest,* "There is no doubt but that under normal circumstances trial courts have inherent authority to vacate or amend their judgments," citing numerous cases. 287 Or at 658. However, the court went on to conclude that the trial court has no authority to set aside one judgment and enter another for the sole purpose of

extending the time for appeal. The facts of *Farwest* are not so different from the situation here as to make it distinguishable. Merely because the judge in this case modified the judgment instead of setting it aside and entering another does not make his actions permissible. The effect is the same. The clerk's failure to comply with ORCP 70B does not create an exception to ORS 19.026, any more than the clerk's failure in *Farwest* to comply with ORS 18.030 created one.[2]

Appeal dismissed.

---

[2] For a discussion of liability for failing to give the notice, *see Universal Ideas v. Linn County,* 64 Or App 805, 669 P2d 1165 (1983).