# UNION OIL COMPANY,
*Respondent,*

*v.*

# CLACKAMAS COUNTY BOARD
# OF COMMISSIONERS et al,
*Appellants.*

## (82-1-9 and 82-4-420; CA A25865)

676 P2d 948

Cynthia L. Phillips, Assistant County Counsel, Oregon City, argued the cause and filed the briefs for appellants.

David R. Williams, Portland, argued the cause for respondent. With him on the brief were Barry L. Adamson, and Williams, Stark, Hiefield & Norville, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal a judgment reversing a determination by the Board of County Commissioners of Clackamas County that plaintiff did not have a "vested right" to build a service station in violation of county land use regulations. Plaintiff moved to dismiss the appeal, contending that the notice of appeal was prematurely filed, and we denied it with leave to renew the motion in its brief. We now deny the motion, consider the appeal and reverse.

The court issued a memorandum decision on August 9, 1982. Plaintiff submitted proposed findings of fact, conclusions of law and judgment on August 13, 1982. A judgment was signed by the trial judge on August 14, 1982, and was entered on August 24, 1982. Defendants filed objections to the proposed findings on August 26, 1982. There was no hearing and no ruling on the objections, and defendants filed a notice of appeal on September 13, 1982.

Plaintiff argues that the notice of appeal was untimely, because it was filed before the judgment was deemed entered. ORCP 62B provides that objections to proposed findings of fact

"* * * shall be heard and determined by the court within 30 days after the date of the filing thereof; and, if not so heard and determined, any such objections and requests for such other, different, or additional special findings shall conclusively be deemed denied."

ORCP 62C(3) provides that the judgment shall be entered

"[u]pon (1) the determination of any objections to proposed special findings and of any requests for other, different, or additional special findings, or (2) the expiration of the time for filing such objections and requests if none is filed, or (3) the expiration of the time at which such objections or requests are deemed denied * * *."

Plaintiff contends that the judgment was not entered until 30 days after defendants filed objections to the proposed finding, *i.e.,* September 25, 1982, and so the notice of appeal filed on September 13, 1982, was premature.

■ We read the rules differently and conclude that the judgment was entered August 24, 1982, the day it was actually entered by the clerk. ORCP 62B provides that objections to

proposed findings are to be filed within 10 days after the proposed findings are served on the parties (unless the parties or the trial court extend the time, ORCP 62D), and the judgment is to be entered upon the expiration *of that time period* if no objections are filed. ORCP 62C(2). In this case, the ten days expired August 23, and no objections had been filed. The record does not disclose any extension by the parties or the court. The court, apparently acting pursuant to ORCP 62C, filed the judgment, and it was entered. The objections were not timely; judgment had already been entered, and the objections could not result in the judgment's being "deemed not entered" until September 25. The notice of appeal was not premature.[1]

Defendants argue that, if this appeal is dismissed, it should be because judgment was *never* properly entered. They note that ORCP 70B(1) requires that the clerk mail to the attorneys of record a notice of the date of entry of judgment and that ORCP 70C requires that the form of judgment be submitted to other parties before submission to the court. ORCP 70B(2) provides:

> "Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered as provided in this rule."

Because of noncompliance with ORCP 70, defendants ask us to require the clerk now to enter the judgment properly. We have recently held that the clerk's failure to mail notice of the date of entry of judgment does not mean that the judgment was never "entered" for purposes of appeal. *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983).[2]

---

[1] Defendants also argue that, because the parties did not request findings of fact before the trial began, the memorandum opinion was sufficient under ORCP 62A:

> "Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon. In the absence of such a demand for special findings, the court may make either general or special findings. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein."

We do not read ORCP 62A absolutely to deny parties who do not request findings before trial the opportunity to propose findings before judgment is entered; the rule indicates that the trial court is *not required* to issue any findings in that event.

[2] For a discussion of liability for failure to give notice, *see Universal Ideas v. Linn County,* 64 Or App 805, 669 P2d 1165 (1983).

The same reasoning applies to the alleged violation of ORCP 70C. Defendants attempt to distinguish *Junction City;* we find it controlling.

▇▇▇ The motion to dismiss is denied, and we proceed to the next threshold question. Defendants contend that the circuit court did not have subject matter jurisdiction of this case. We agree. The Clackamas County Board of Commissioners found that plaintiff did not have a vested right to build its service station. Plaintiff appealed the ruling to LUBA, which dismissed the appeal for lack of jurisdiction. There was no appeal from LUBA's ruling. In the meantime, plaintiff petitioned for a writ of review as well as declaratory relief in circuit court. Once the county had decided the vested rights issue, the circuit court was without jurisdiction over the declaratory judgment action, *Forman v. Clatsop County,* 63 Or App 617, 665 P2d 365, *rev allowed* 296 Or 56 (1983), or the writ of review proceeding. *Turner v. Lane County,* 63 Or App 611, 665 P2d 370 (1983). Plaintiff argues that defendants may not raise the issue of the circuit court's jurisdiction for the first time on appeal. We disagree. The trial court had a duty to examine its own jurisdiction and should have dismissed the case on its own motion. *See* ORCP 21G(4); *cf. Northern Ins. Co. v. Conn Organ,* 40 Or App 785, 596 P2d 605, *rev den* 287 Or 507 (1979) (Court of Appeals required to examine its own jurisdiction).

Reversed and remanded with instructions to dismiss complaint for declaratory judgment and petition for writ of review.