On appellants' petition for reconsideration of order dismissing appeal filed
September 13, 1990, petition for reconsideration allowed; order adhered to April 17, 1991

UNITED STATES NATIONAL BANK
OF OREGON,
*Respondent,*

*v.*

James HEGGEMEIER;
Full Circle Ltd., fka Full Circle, Inc.;
Loren Herbert; Irene Herbert;
Mid-Valley Gravel Company; Cenex AG, Inc.;
BWAC Liquidation Corporation,
fka Transamerica Commercial Financial Corporation;
Borg-Warner Acceptance Corp.;
Central Oregon Ranch Supply, Inc.
and Western Veterinary Services, Inc.,
*Defendants,*

*and*

Thomas ELKE
and Fenwick, Davis & West,
*Appellants.*

(CV89-0280; CA A66179)

810 P2d 396

Edward F. Schultz, Albany, and Weatherford, Thompson, Quick & Ashenfelter, P.C., Albany, for the petition.

D. Craig Mikkelsen, Portland, *contra.*

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Defendants[1] petition for review of our order dismissing their appeal for failure to file a timely notice of appeal. We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and adhere to our former decision.

A judgment in favor of plaintiff was signed, filed and entered on July 2, 1990.[2] On that date, the Trial Court Administrator's office erroneously notified the parties that the judgment "has not been entered in the judgment docket * * *." Accompanying the notice was a postcard that said, in part:

"Please indicate when the document listed below was processed. Thank you.

"*United States National Bank of Oregon v. James Heggemeier et al*

"*Final Judgment*

"X    Was Signed *7-2-1990,* by Judge */s/ Frank D. Knight*

"X    Was entered    *Not Entered*

"* * * * *

"X    Was filed *July 2, 1990*

"* * * * *

"X    Attorney fees awarded *$25,000.00*

"Remarks    *Improper form*"

Plaintiff's attorney sent a letter dated July 5, 1990, to the trial court, requesting reconsideration of the apparent decision not to enter the judgment and sent a copy of the letter to defendants' attorney. On August 17, 1990, defendants' attorney wrote to the Trial Court Administrator requesting a status report. On August 20, 1990, he learned that judgment had been entered on July 2, 1990. Defendants filed a notice of appeal on August 21, 1990. We dismissed the appeal, because

---

[1] We refer to defendants Thomas Elke and Fenwick, Davis & West. The remaining defendants are not parties to the appeal. The judgment was the result of a foreclosure action in which the disputed issue was the priority of security interests.

[2] Defendants argue that there is no document in the record that indicates the date when the judgment was entered in the register. Although the final judgment itself does not show the date of entry, the register shows that final judgment was signed, filed and entered on July 2, 1990. We take judicial notice of the date of the entry of the judgment, which is a matter of public record. *Alt v. City of Salem,* 306 Or 80, 82 n 1, 756 P2d 637 (1988).

it was filed more than 30 days after the judgment was entered. ORS 19.026(1).[3]

Defendants contend that we erred in dismissing the appeal, because amendments to ORCP 70B now require that, as a mandatory part of the judgment entry process under ORS 19.026(1), the Trial Court Administrator's office must send notice to the parties that judgment has been entered. If defendants are correct, failure to comply with the notice requirements of ORCP 70B prevents the time for filing a notice of appeal under ORS 19.026(1) from beginning to run.

In *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979), the defendant argued that the trial court correctly set aside the judgment because of the clerk's failure to comply with *former* ORS 18.030 (*repealed by* Or Laws 1981, ch 898, § 53). The statute required the clerk, on the date that judgment was entered, to mail a copy of the judgment and a notice of the date of entry of the judgment to each party who was not in default for failure to appear. The court held:

> "[T]he legal effect of the judgment, for purposes of appeal, should not be impaired by the clerk's failure to comply with an administrative duty, without language in the statute which clearly indicates it was intended as an exception to the provisions of ORS 19.033(2). It may be the clerk is responsible to the defendant for any damage it may have suffered as a result of the clerk's failure to comply with the statute, but the clerk's failure, in our opinion, does not invalidate the judgment or require its re-entry." 287 Or at 660.

In *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983), the appellant argued that his appeal should not be dismissed, because he was never sent notice of the entry of the judgment as required by *former* ORCP 70B, which provided, in part:

> "(1)   All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date the judgment is entered, mail a notice of the date of entry of the judgment to the

---

[3] ORS 19.026(1) provides:

"Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the judgment appealed from is entered in the register."

Subsections (2) and (3) do not apply.

attorneys of record, if any, of each party who is not in default for failure to appear. * * *

"(2) Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered as provided in this rule."

We concluded that the clerk's failure to notify of the date that the judgment was entered did not mean that the judgment was not "entered" under ORS 19.026. The clerk's failure to comply with ORCP 70B did not create an exception to ORS 19.026, any more than did the clerk's failure in *Far West* to comply with ORS 18.030. We said that ORS 19.026 is jurisdictional, that it provides that the time for appeal begins when a judgment is entered and that a rule conflicting with the statute would be beyond the rulemaking authority of the Council on Court Procedures. Therefore, ORCP 70B(2) did not affect the holding of *Far West.*

Defendants contend that the 1989 amendments to ORCP 70B, Or Laws 1989, ch 768, § 1, overrule *Far West* and *Junction City.*[4] They argue:

"Since [*Junction City*], the Oregon Legislature has seen fit to enact and modify ORCP 70 as part of Oregon Laws 1989, Chapter 768, Section 1, and Oregon Laws 1987, Chapter 873, Section 19. ORCP 70 and the rest of the 'rules' have by legislative enactment been codified * * *.

"With the change of status of ORCP 70 from a rule of an agency, the Supreme Court, to a statute or statutory equivalent, a new review must be made. Now the court in its review must determine if there is a conflict between statutes."

ORCP 70B now provides, in part:

"All judgments shall be filed and notation of the filing shall be entered in the register by the clerk. The clerk, on the date judgment is entered, shall mail a notice of the date of entry of the judgment in the register and shall mail a copy of the entry in the judgment docket. If the judgment was not docketed in the judgment docket, the clerk shall give notice of that fact.

---

[4] ORCP 70 has been amended twice since *Junction City* was decided. In 1987, the legislature amended ORCP 70A, as part of the amendments relating to garnishments, to provide for a judgment summary. Or Laws 1987, ch 873, § 19. The amendment to ORCP 70A(2) says that the requirements relating to a summary "are not jurisdictional for purposes of appellate review." ORCP 70A(2)(a), as amended in 1989, includes a similar phrase. Defendants make no argument that the amendments to ORCP 70A affect the ORCP 70B notice requirement at issue in this case.

The clerk shall mail the notice to attorneys of record, if any, of each party who is not in default for failure to appear. If the party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The clerk also shall make a note in the register of the mailing. * * *

"(2)   Notwithstanding ORS 3.070 or any other rule or statute, *for purposes of these rules,* a judgment is effective only when entered in the register as provided in this rule." (Emphasis supplied.)

The 1989 amendments distinguish between entry of a judgment in the register and its entry in the judgment docket.[5] They added a requirement that the clerk give notice to the parties when a money judgment is not *docketed.* They also made the place where the clerk makes a notation of the mailing of the notice of entry of judgment the court register rather than the judgment docket.

■      We find no support in the language of the 1989 amendments to ORCP 70B or in the legislative history for defendants' argument that failure to comply with the notice requirements was intended to extend the time for filing an appeal. We are unable to discover in the legislative history anything to indicate that the issue was even discussed. The 1989 legislature made no changes in ORS 19.026 or ORS 19.033 in conjunction with the amendments to ORCP 70. Moreover, the 1989 legislature did not amend the portion of

---

[5] ORS 7.020 defines the register as

"a record wherein the clerk or court administrator shall enter, by its title, every action, suit or proceeding commenced in, or transferred or appealed to, the court, according to the date of its commencement, transfer, or appeal. Thereafter, the clerk or court administrator shall note therein all the following:

"(1)  The date of any filing of any paper or process.

"(2)  The date of making, filing and entry of any order, judgment, ruling or other direction of the court in or concerning such action, suit or proceeding.

"(3)  Any other information required by statute, court order or rule."

ORS 7.040(1) defines the judgment docket as

"a record wherein the clerk or court administrator shall docket judgments for the payment of money and such other judgments and decrees as specifically provided by statute."

ORS 7.040 specifies the information that must be contained in the judgment docket and protects clerks from liability in certain instances. ORCP 70A(2)(a) defines a money judgment, and ORS 18.320 describes the procedure for docketing a judgment.

ORCP 70B(2) that says that it applies "for purposes of these rules."

In enacting legislation, the legislature's knowledge of earlier enactments is presumed. *Burt v. Blumenauer,* 87 Or App 263, 265, 742 P2d 626 (1987). Also, in the light of existing case law, the failure of the legislature expressly to change the law is evidence of a legislative intention not to change it. *State v. Waterhouse,* 209 Or 424, 436, 307 P2d 327 (1957). We conclude that the 1989 legislature did not intend to amend ORS 19.026 by implication to require that notice of entry of judgment must occur before the time for filing an appeal begins to run. ORCP 70B(2) continues to limit its application expressly "for purposes of these rules." As we said in *Junction City Water Control v. Elliott, supra,* "[w]hatever the effect of the rule was intended to be," it does not conflict with ORS 19.026. 65 Or App at 551. Defendants' failure to appeal timely under ORS 19.026 deprives this court of jurisdiction, despite their lack of knowledge of when the judgment was entered.

Defendants' remaining argument does not merit discussion.

Petition for reconsideration allowed; order adhered to.