62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Patrick KENNEDY, Petitioner-Appellant,
v.
G. H. BALDWIN, Respondent-Appellee.
 No. 94-35790.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July, 11, 1995.
Decided Aug. 4, 1995.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Oregon state prisoner Joseph P. Kennedy appeals the district court's dismissal of his petition for habeas corpus relief. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 4
 Kennedy pled guilty in Oregon State Court to one count of first degree criminal mischief for using a hammer to smash a window in a truck that was stalled on the freeway, and to two counts of first degree robbery for demanding a credit card from the two victims inside the truck. Following his sentencing, Kennedy sought post-conviction relief in state court on the ground of ineffective assistance of trial counsel. The court denied relief by judgment entered December 30, 1992. Kennedy filed pro se objections to the proposed findings on December 31. Although the State received the findings and judgment signed by the post-conviction judge on January 4, 1993, Kennedy's counsel did not receive the judgment until after the time to file a notice of appeal expired. Kennedy neither filed a late notice of appeal from the post-conviction judgment, nor did he seek any other relief from the judgment.
 
 
 5
 On January 12, 1993, Kennedy filed a petition for habeas corpus relief in district court, alleging lack of subject matter jurisdiction, unlawful police action, and ineffective assistance of counsel. The court dismissed the petition, but vacated the judgment on Kennedy's motion after Kennedy received appointment of counsel. The court dismissed Kennedy's amended petition on July 19, 1994. The court found that his jurisdictional and unlawful police conduct claims were foreclosed because Kennedy could have raised them on direct appeal, but he failed to do so. The court also found that Kennedy procedurally defaulted his ineffective assistance claim by failing to file a timely notice of appeal, that the default was not excused, and even if he had not procedurally defaulted the claim, he was not entitled to relief on the merits. Kennedy only appeals the ineffective assistance claim.
 
 II.
 
 6
 We review a district court's decision to dismiss a habeas corpus petition de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir. 1991). We conclude that the district court did not err.
 
 
 7
 The district court correctly found that Kennedy defaulted his claim by failing to file a notice of appeal within 30 days of the judgment as required by Oregon law. Or.Rev.Stat. Sec. 138.650. Kennedy argues that he did not default because he filed the functional equivalent of a notice of appeal -- a pro se objection to the proposed findings which he mailed to the post-conviction judge, the state attorney, and his own attorney. However, we conclude that Kennedy did not intend this as a notice of appeal because the record shows that he did not believe that the judgment had been entered yet, and further, a notice has to be filed with the Clerk in the Oregon appellate court, not with the trial judge. Moreover, after he discovered that the judgment had already been entered, he did not seek to file a late notice of appeal, or to have the Oregon Court of Appeals consider his pro se objections as a notice of appeal. Instead, he immediately filed a petition for habeas relief.
 
 
 8
 A state-court procedural default bars subsequent federal habeas review unless the accused can demonstrate cause for the default and actual prejudice as a result of the alleged violation. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Kennedy contends he can establish "cause" because the court clerk did not send a copy of the judgment to his counsel until after the date to file a notice of appeal lapsed, and thus, the error was "externally imposed."
 
 
 9
 We conclude that the district court did not err in finding that Kennedy was not excused from the state procedural requirement. Under Oregon law, the failure of the clerk to send a copy of the judgment to counsel does not create an exception to the notice of appeal filing requirement. See United States Nat'l Bank of Oregon v. Heggemeier, 810 P.2d 396, 398-99 (Or. 1991). See also Coleman, 501 U.S. at 755 (counsel's failure to file timely notice of appeal of a state court judgment does not constitute "cause" that excuses procedural default). Because we conclude that Kennedy failed to establish "cause" to excuse his procedural default, we do not address whether he established actual prejudice. Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3