Argued and submitted July 1, 1998, affirmed on appeal; cross-appeal dismissed as moot February 3, petition for review denied May 25, 1999 (328 Or 594)

Vineta L. PATRICK,
as personal representative of the
Estate of Ralph E. Patrick, deceased,
*Appellant - Cross-Respondent,*

*v.*

Richard Henry OTTEMAN, M.D.,
*Respondent - Cross-Appellant,*

*and*

MERLE WEST MEDICAL CENTER,
an Oregon corporation,
*Defendant.*

(9402629CV; CA A91499)

974 P2d 217

Robert K. Udziela argued the cause for appellant - cross-respondent. With him on the briefs was Pozzi Wilson Atchison, LLP.

Benjamin M. Bloom argued the cause for respondent - cross-appellant. With him on the briefs was Hornecker, Cowling, Hassen & Heysell, LLP.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals, assigning error to the trial court's allowance of defendant Otteman's[1] "Motion to Modify Judgment and Alternative Motion to Reconsider Motion for Entry of Judgment Conforming to ORS 18.560." Plaintiff argues that the court lacked authority to grant that relief because defendant's motion was filed more than 10 days after the entry of final judgment and was not cognizable under ORCP 71 B or ORCP 71 C. Plaintiff's arguments depend on the premise that, under the "seriatim judgment" rule, the judgment entered against defendant on November 14, 1995, was the "final judgment" in this case. Because that premise is wrong, we affirm on the appeal.

Defendant cross-appeals, assigning error to the trial court's denial of his original motion for entry of judgment conforming to ORS 18.560. Because our affirmance on the appeal obviates any consideration of that conditional cross-appeal, we dismiss the cross-appeal as moot.

Because our treatment of the merits is so intertwined with the underlying procedural history, a comprehensive recitation of that history is required: In 1994, plaintiff, as personal representative of her husband's estate, brought a wrongful death action, alleging medical malpractice against defendant and Merle West Medical Center. On July 11, 1995, plaintiff and Merle West executed a stipulation that plaintiff's claims against Merle West would be dismissed without costs and with prejudice. That stipulation was filed with the court.

On July 12, 1995, the trial court judge signed a document denominated "Judgment of Dismissal of Merle West Medical Center." That document stated:

"Pursuant to Stipulation it is hereby

"ORDERED and ADJUDGED that this case is dismissed as to defendant Merle West Medical Center only, without costs and with prejudice."

---

[1] All references to "defendant" are to Richard Otteman, M.D.

The executed original of that judgment was filed with the clerk of the court on July 12.[2] On July 14, the clerk made the following entry in the register: *"Order* Dismissal without costs and with Prejudice." (Emphasis added.)

Plaintiff proceeded to trial against defendant. On November 2, 1995, a jury returned a verdict awarding plaintiff economic damages of $98,694.10[3] and noneconomic damages of $1,150,000. Thereafter, defendant moved for entry of a judgment that would limit the amount of noneconomic damages to $500,000 under ORS 18.560(1).[4] At the time that defendant filed his motion, we had held in *Greist v. Phillips,* 128 Or App 390, 875 P2d 1199 (1994), and *Tenold v. Weyerhaeuser Co.,* 127 Or App 511, 873 P2d 413 (1994), that the $500,000 "cap" of ORS 18.560(1) was unconstitutional. However, the Supreme Court had accepted review and heard oral argument in *Greist,* and defendant urged the trial court to disregard our decisions. Plaintiff responded that our decisions were controlling. The trial court did not expressly rule on defendant's motion but, on November 14, 1995, entered judgment for plaintiff for $1,235,059.59, including $1,150,000 in noneconomic damages.

Ten days later, on November 24, 1995, the Supreme Court decided *Greist v. Phillips,* 322 Or 281, 906 P2d 789 (1995), holding that, as applied in wrongful death actions, ORS 18.560(1) constitutionally limits recovery of noneconomic damages.

On November 30, 1995, 16 days after the entry of the judgment, defendant filed a "Motion to Modify Judgment; Alternative Motion to Reconsider Motion for Entry of Judgment Conforming to ORS 18.560" based on *Greist.* Plaintiff

---

[2] The clerk subsequently mailed a notification card to plaintiff's counsel, checking a box titled "was signed" but leaving the "was entered" box blank.

[3] Because of a partial waiver of incurred medical expenses by one of the service providers, that award was subsequently reduced in the judgment to $85,059.59.

[4] ORS 18.560(1) provides:

"Except for claims subject to ORS 30.260 to 30.300 and ORS chapter 656, in any civil action seeking damages arising out of bodily injury, including emotional injury or distress, death or property damage of any one person including claims for loss of care, comfort, companionship and society and loss of consortium, the amount awarded for noneconomic damages shall not exceed $500,000."

responded, *inter alia*, that defendant's motion was, in actuality, a belated and untimely motion for new trial or judgment notwithstanding the verdict and, to the extent defendant purported to rely on ORCP 71 B and ORCP 71 C, those provisions did not permit modification of money judgments based on postjudgment changes in substantive law.

On December 13, 1995, the court entered an order granting defendant's motion to modify the judgment, alternatively granting defendant's motion for reconsideration of his motion for entry of judgment conforming to ORS 18.560, and vacating the November 14, 1995, judgment. On the same day, the court entered an Amended Judgment for plaintiff in the amount of $585,842.09. In its underlying opinion, the court stated, "[D]efendant raised the [ORS 18.560] limitation at the appropriate time and * * * the court not only has the authority, but probably a duty, to reconsider its order in view of the Supreme Court's statement of the law in *Greist*."

On January 11, 1996, plaintiff filed a notice of appeal from the December 13, 1995, Amended Judgment, and on January 22, 1996, defendant filed a cross-appeal from that judgment.[5] On February 14, 1996, this court, on its own motion, issued an "Order Giving Leave Under ORS 19.033(4)," which provided, in part:

"Appellant has appealed and cross-appellant has cross-appealed from a judgment entered on December 13, 1995, which does not determine plaintiff's claims against defendant Merle West Medical Center. It appears from the trial court register that an order of dismissal was entered disposing of that claim and that the order has not been reduced to judgment. Therefore, appellant and cross-appellant have appealed from a nonfinal judgment. ORCP 67A. *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983); *Oregonians Against Trapping v. Martin*, 72 Or App 210, 695 P2d 932 (1985).

"The court gives the trial court leave, on motion of any party, to enter a judgment complying with ORCP 67B."

_____

[5] Defendant's cross-appeal assigned error to the trial court's original denial of defendant's motion for entry of judgment in the "capped" amount. In his briefs on appeal, defendant also "cross-assigns" error to the same denial. Given our disposition, we do not address whether the issue is appropriately raised under either a "cross-appeal" or a "cross-assignment" of error in these circumstances.

Plaintiff sought reconsideration of that order, asserting that the dismissal of Merle West had, in fact, been reduced to judgment. Plaintiff argued that, notwithstanding the register's reference to "order": (1) the trial court had, in fact, signed a document denominated "judgment" that purported to "adjudge" plaintiff's claims against Merle West; and (2) the entry in the register, however "labeled," corresponded to that event or disposition. In response to those arguments, we issued an order denying reconsideration but clarifying our instructions on remand:

> "Although a 'JUDGMENT OF DISMISSAL OF MERLE WEST MEDICAL CENTER' was signed by the trial court judge, the entry in the trial court register describes that document as an 'order' rather than a 'judgment'; thus, the trial court register does not show entry of a judgment disposing of plaintiff's claim against Merle West Medical Center.

> "Plaintiff's motion for reconsideration is denied, but the court's previous order is hereby amended to clarify that it is the trial court clerk who is given leave at the direction of the trial court judge to re-enter the judgment of dismissal in the trial court register properly described as a 'judgment'."[6]

In November 1996, the trial court, after noting that the court clerk had "mistakenly entered" the "judgment" relating to Merle West as an "order," directed the clerk to "re-enter the Judgment of Dismissal of Merle West Medical Center executed on July 12, 1995 as a 'judgment.' " After the court did so, the parties filed amended notices of appeal and cross-appeal respectively, and the issue is now joined.

---

[6] Plaintiff subsequently filed a motion for clarification:

"As this court's Order recites, the error that occurred with respect to the Merle West Medical Center Judgment was not related to the Judgment itself, but only to the trial court's labeling of document in the computerized register. The Court's use of the verb 're-enter' suggests that the Judgment will be entered anew in the trial court file, perhaps with a new entry date. This, of course, would affect the parties' substantive rights and would be extremely prejudical to the plaintiff's position on appeal.

"Plaintiff suggests that the proper entry of the trial court clerk's error would be to correct the *register* by correcting the label attached to the [July 1995] Judgment which was wrongfully termed an 'Order' when the document clearly reflects that it is a 'Judgment.' " (Emphasis in original.)

We denied that motion.

Plaintiff asserts that the court erred in entering the December 13, 1995, amended judgment because it lacked authority either to modify the November 14, 1995, judgment pursuant to ORCP 71 B or ORCP 71 C or to reconsider its initial denial of defendant's post-trial motion for entry of judgment in accordance with ORS 18.560(1). Plaintiff's argument, as we understand it, consists of a series of interlocking cumulative propositions: (1) Plaintiff's claims against Merle West were dismissed by *judgment* on July 14, 1995, notwithstanding the register's description of the disposition as an "order" of dismissal. (2) Consequently, under the "seriatim judgment" rule of *State ex rel Zidell v. Jones*, 301 Or 79, 720 P2d 350 (1986), the November 14, 1995, judgment against defendant disposed of all remaining claims and, thus, was final and appealable. (3) Because the November 14, 1995, judgment was final, when more than 10 days passed after its entry, ORCP 71 represented the sole means, and defined the exclusive grounds, by which the trial court could modify that judgment. (4) Because the grounds for relief specified in ORCP 71 B and ORCP 71 C do not include a subsequent change in substantive law (here, *Greist*), the court erred in vacating and modifying the November 14 judgment.

We reject plaintiff's first premise. Consequently, the balance of plaintiff's analysis fails.

In *Zidell*, a *mandamus* proceeding, the court considered whether, when one judgment dismissed all claims as to some defendants, and a subsequent judgment, without incorporating or referring to the earlier judgment, dismissed all claims as to all remaining defendants, the latter judgment was final even though it did not purport to comport with ORCP 67 B.[7] The court concluded that, in combination with the earlier judgment, the later was final and appealable:

---

[7] ORCP 67 B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of

"[T]wo or more documents, when considered together, may constitute a final judgment if they adjudicate every claim presented and determine the rights and liabilities of each party." *Zidell*, 301 Or at 98.

In formulating that *"seriatim* judgment" rule, the court noted that, because the earlier judgment was not itself a Rule 67 B judgment, that judgment remained "subject to revision" and was, thus, unappealable until the entry of the later judgment disposing of the remaining claims as to the remaining parties. *Id.* at 95-96. Consequently, the entry of the later judgment was the trigger for appeal. *Id.* The court also noted that the earlier judgment had also been entered, *id.* at 95, but did not address whether such entry was a prerequisite to the application of the *"seriatim* judgment" rule. *Cf. State ex rel Orbanco Real Estate Serv. v. Allen*, 301 Or 104, 115, 720 P2d 365 (1986) (applying *"seriatim* judgment" rule where all of the prior dispositions, each entitled "order and judgment of dismissal," were entered before entry of the final "judgment and decree of foreclosure").

■       This appeal squarely presents that issue—as well as a subsidiary question: Even if entry of the earlier judgment is a prerequisite to the later judgment's finality, did the trial court clerk's initial register entry of July 14, 1995, satisfy that requirement? As amplified below, we conclude that the *"seriatim* judgment" rule does not apply unless each of the underlying judgments is entered in the register. We further conclude that, in this case, the clerk's entry of an "order of dismissal" as to Merle West did not satisfy that requirement.

■       ORCP 70 prescribes the form of judgment (ORCP 70 A) and the procedure for entry of judgment (ORCP 70 B). Here, there is no dispute that the "Judgment of dismissal of Merle West Medical Center" complied with ORCP 70 A.[8] The

---

judgment adjudicating all the claims and the rights and liabilities of all the parties."

[8] ORCP 70 A provides, in part:

"Every judgment shall be in writing plainly titled as a judgment and set forth in a separate document. * * *

"A(1)   No particular form of words is required, but every judgment shall:

"A(1)(a)   Specify clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action.

"A(1)(b)   Be signed by the court * * *."

parties do, however, dispute the significance of, and requisites for, entry under ORCP 70 B. ORCP 70 B provides:

"B(1)   All judgments shall be filed and notation of the filing shall be entered in the register by the clerk. The clerk, on the date judgment is entered, shall mail a notice of the date of entry of the judgment in the register and shall mail a copy of the entry in the judgment docket. If the judgment was not docketed in the judgment docket, the clerk shall give notice of this fact. The clerk shall mail the notice to the attorneys of record, if any, of each party who is not in default for failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The clerk also shall make a note in the register of the mailing. In the entry of all judgments, except a judgment by default under Rule 69 B(1), the clerk shall be subject to the direction of the court. Entry of judgment in the register and docketing of the judgment in the judgment docket shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68.

"B(2)   *Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered in the register as provided in this rule.*

"B(3)   The clerk shall enter the judgment in the register within 24 hours, excluding Saturdays and legal holidays, of the time the judgment is filed. When the clerk is unable to or omits to enter judgment within the time prescribed in this subsection, it may be entered any time thereafter.

"C   Attorneys shall submit proposed forms for judgment at the direction of the court rendering the judgment. The proposed form must comply with section A of this rule.

"D   Reference to 'clerk' in this rule shall include the clerk of court or any person performing the duties of that office." (Emphasis added.)

Rule 70 B(2) is explicit: A judgment is not "effective" unless entered in the register. Thus, if the "judgment of dismissal" as to Merle West was not "entered in the register as provided in [ORCP 70 B]," it was ineffective, and the entry of the November 14, 1995, judgment against defendant, which did not even refer to Merle West, could not somehow cure

that deficiency. Defendant asserts that the combination of an "ineffective" judgment and an "effective" judgment cannot be sufficient under *Zidell* because the two, "when considered together," do not actually "adjudicate every claim presented and determine the rights and liabilities of each party." *Zidell*, 301 Or at 98. We agree.

Underlying *Zidell* was the principle that, with few exceptions, including judgments entered pursuant to ORCP 67 B, Oregon law does not permit appeals of interlocutory dispositions. That principle is rooted in a historical antipathy to piecemeal appeals. *See, e.g., David M. Scott Construction v. Farrell*, 285 Or 563, 567, 592 P2d 551 (1979) ("As a matter of general policy, this court has disapproved the practice of piece-meal appeals for the reason that efficient judicial administration will be better served if a case is required to proceed to final judgment before any appeal is permitted."). Thus, the implicit, but essential, predicate to *Zidell*'s analysis was that the two *"seriatim* judgments" actually finally concluded the entire case.

■ Where, however, one of the *"seriatim* judgments" has not been entered, there has been no "effective" adjudication as to the parties or claims it describes. Consequently, and necessarily, the combination of that ineffective judgment with the remaining, properly entered, judgment cannot produce a final judgment.

Our inquiry thus reduces to whether, on July 14, 1995, the clerk "entered" the "judgment of dismissal in the register pursuant to [ORCP 70 B]." The parties' positions are stark and simple. Defendant contends that, because the clerk entered an "order of dismissal," rather than a "judgment of dismissal," in the register, judgment was not entered. Plaintiff counters that where, as here, there is no dispute that the only "real world referent" for a register entry is a signed judgment that comports with ORCP 70 A, the "entry" requirement has been satisfied regardless of any "mislabeling." Any other result, plaintiff asserts, would elevate form over substance and give substantive effect to a "clerical error."

The dispute turns, ultimately, on the meaning of the phrase "when entered in the register as provided in this rule." ORCP 70 B(2). The only provision in ORCP 70 B that

describes the manner or content of "entry"[9] is a single reference in the first sentence of ORCP 70 B(1): "All judgments shall be filed and *notation of the filing shall be entered in the register* by the clerk." (Emphasis added.) Here, the signed "judgment of dismissal" was *filed*—the original of that document is stamped "filed" and bears the clerk's signature—but the "notation" does not correspond to the document that was filed. Thus, the question of construction becomes even more precise: What is the meaning of "notation of the filing"? In particular, must the notation accurately describe the document filed, *i.e.*, the judgment? Or is the notation sufficient if a judgment has, in fact, been filed and the register accurately reflects the *event*—the filing—albeit not the *title* of the document.

The text of ORCP 70 B(1) supports defendant's construction. The rule requires the clerk to enter "notation of *the* filing," not "*a* filing"—and the referent for "the" is, most plausibly, the particular document that was, in fact, filed.

■ That construction also comports with related statutes and rules. ORS 7.020, which generally describes the content of the trial court register, provides:

> "The register is a record wherein the clerk or court administrator shall enter, by its title, every action, suit or proceeding commenced in, or transferred or appealed to, the court, according to the date of its commencement, transfer or appeal. Thereafter, the clerk or court administrator shall note therein all the following:
>
> "(1) The date of any filing or any paper or process.
>
> "(2) The date of making, filing and entry of any order, judgment, ruling or other direction of the court in or concerning such action, suit or proceeding.
>
> "(3) Any other information required by statute, court order or rule."

Although that statute does not explicitly require that the clerk accurately describe each "order, judgment [or] ruling," that requirement is implicit in the statute's purpose and

---

[9] ORCP 70 B(3) prescribes the time for entry of judgment. That is not at issue here.

function. That is, for the register to be meaningful and useful, both as a public record and as a tool of judicial administration, it must accurately describe *what* is filed and not merely *when* it is filed. By extension, "notation of the filing" in ORCP 70 B(1) encompasses the former as well as the latter.

■ ■ Other provisions of ORCP 70 B(1) confirm that understanding. The rule provides that "on the date judgment is entered," the clerk shall mail "notice of the date of entry of the judgment in the register" to the attorneys of record and, in appropriate cases, to unrepresented litigants. The rule further specifies that "the clerk shall make a note in the register of the mailing." Those provisions pertain only to the entry of judgments, and not to the entry of orders, in the register. Thus, the accurate description of "the filing" has significant implications beyond general considerations of reliability and accuracy.[10] *See, e.g.*, ORS 19.255(1) (subject to exceptions, notice of appeal "shall be served and filed within 30 days after judgment appealed from is entered in the register").[11] We thus conclude, from the text and context of ORCP 70 B, that the "notation of the filing" prescribed in ORCP 70 B(1) must accurately identify the underlying disposition as a "judgment." Because the clerk's notation was defective in that respect, the "Judgment of dismissal of Merle West Medical Center" was not "entered in the register" on July 14, 1995.

Plaintiff contends, nevertheless, that the clerk's "error" did not alter the actual character of the July 1995 "judgment of dismissal" and "did not nullify its effect as a judgment." Plaintiff particularly invokes *U.S. National Bank v. Heggemeier*, 106 Or App 693, 810 P2d 396 (1991):

> " '[T]he legal effect of the judgment, for purposes of appeal, should not be impaired by the clerk's failure to comply with an administrative duty * * *.' "

---

[10] Indeed, in this case, it does not appear that the clerk ever mailed defendant notice of the initial July 14, 1995, filing. Because the register reflected entry of an "order of dismissal," the notice requirement was not triggered.

[11] The Council on Court Procedures staff comment for ORCP 70 B identifies three reasons for requiring that judgments be entered in the register: "The time for appeal begins to run at entry." "Entry is a far more certain point [than filing]." "There is a notice provision for entry."

*Id.* at 696 (quoting *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 660, 601 P2d 1237 (1979)).

Plaintiff's reliance on *Heggemeier* is unavailing. There, the trial court clerk had failed to give *notice* of entry of judgment as required in ORCP 70 B(1). We concluded that, notwithstanding the clerk's error, the time for filing the notice of appeal ran from the entry of judgment. In so holding, we quoted with approval the observation from *Far West* that plaintiff now invokes. The gist of our analysis was that, for jurisdictional purposes, *entry* of judgment, not *notice* of entry of judgment, triggered the time for filing an appeal and that the clerk's erroneous failure to give notice did not alter the jurisdictional reality that judgment had, in fact, been entered. *Heggemeier*, 106 Or App at 697-98. *See also Junction City Water Control v. Elliott*, 65 Or App 548, 672 P2d 59 (1983).

■ Here, the legal/jurisdictional reality is that a judgment is not effective until entered in the register. That the clerk may have made a "mistake" does not, and cannot, alter the *legal* reality that the July 1995 "judgment of dismissal" was *not* "entered in the register as provided in" Rule 70 B and, consequently, was ineffective. Because the July 1995 "judgment of dismissal" and the November 14, 1995, judgment against defendant did not, in combination, actually adjudicate every claim as to every party, the entry of the latter did not produce a final judgment. Rather, the November 14, 1995, judgment merely "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties" and, consequently, was "subject to revision any time before" the entry of final judgment. ORCP 67 B. Because there was no existing final judgment at the time the trial court allowed defendant's motion for reconsideration for entry of judgment conforming to ORS 18.560, the court's allowance of that motion and its consequent entry of the amended judgment represented a permissible "revision" of the nonfinal November 14, 1995, judgment. *See generally State ex rel SOSCF v. Fuller*, 156 Or App 128, 134, 964 P2d 1140, *rev den* 328 Or 115 (1998) (noting trial court's inherent authority to modify order or judgment "so long as it retains jurisdiction over the underlying action"). The court did not

err in allowing reconsideration and in entering the amended judgment.[12]

Given our disposition of the appeal, we do not reach or decide defendant's conditional cross-appeal.

Affirmed on appeal; cross-appeal dismissed as moot.

---

[12] We have considered, and rejected, plaintiff's remaining arguments.