Argued and submitted May 1, reversed and remanded August 22, 2007

In the Matter of the Marriage of

Gina Marie WESSELS,
*Petitioner-Appellant,*
*and*

Rex Matthew WESSELS,
*Respondent-Respondent,*
*and*

STATE ex rel Stephen D. CAMPBELL,
Josephine County District Attorney,
*Other-Respondent.*

Josephine County Circuit Court
98DR0716; A129183

166 P3d 576

Clayton C. Patrick argued the cause and filed the briefs for appellant.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent Stephen D. Campbell. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent Rex Matthew Wessels.

Before Schuman, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

**ORTEGA, J.**

The circuit court dismissed a petition for *de novo* review of an administrative order modifying a child support judgment. The court reasoned that the petition was not timely filed because more than the statutorily permitted 60 days elapsed between the date when the administrative order was entered into the trial court record and the date when petitioner filed her petition. ORS 416.427(6).[1] We reverse and remand.

The case presents only legal issues; the facts are not in dispute. In 1999, respondent Rex M. Wessels (father) was ordered by the court to pay child support in the amount of $356 per month to Gina M. Wessels (mother). In 2004, the state (acting through the Josephine County District Attorney) moved for modification of that 1999 child support order. *See* ORS 416.425(1) (authorizing state to move for modification of support order). Mother opposed the modification. An administrative hearing ensued on July 7, 2004. *See* ORS 416.427(2) (administrative hearings are forum for contested modification motions). The administrative law judge (ALJ) from the Office of Administrative Hearings issued a final order on July 26, 2004, reducing father's child support obligation to $251 per month. The ALJ's administrative order contained the following text:

> "Under the provisions of ORS 416.427(6), you may appeal this order by filing a petition for review in the circuit court of the county in which the order has been entered. ***Your petition must be filed with the circuit court clerk within 60 days of the date the order is entered***, and may be filed ***only*** with the circuit court clerk's office. * * *"

(Boldface and italics in original.)

On August 6, 2004, an authorized representative from the Family Support Division of the Josephine County District Attorney's Office filed in the Circuit Court of Josephine County a document entitled "Certification to

---

[1] ORS 416.425, ORS 416.427, and ORS 416.440 were amended by the 2005 legislature. ORS 416.440 was again amended by the 2007 legislature. The amendments do not affect our analysis of the issues in this case. In this opinion, all citations and references to those statutes are to the 2003 versions.

Circuit Court for Filing/Docketing Administrative Documents." (Uppercase omitted.) The certification states, in part:

> "The Administrator of the District Attorney's Office, Family Support Division certifies the following documents are originals or true copies of the originals and requests the same be presented for a judge's signature (if appropriate),[2] filed and docketed in accordance with ORS 416.440.
>
> "STATE'S MOTION FOR MODIFICATION AND PROPOSED ORDER * * *.
>
> "ADMINISTRATIVE ORDER MODIFYING SUPPORT, dated and mailed on July 26, 2004, and resulting from the hearing of July 7, 2004."

A copy of the ALJ's order was included with the certification. Three days later, on August 9, 2004, the following notations were entered in the Oregon Judicial Information Network (OJIN): "Certificate Circuit Court" and "Motion Modify Judgment." (Boldface omitted.) Several affidavits were entered at the same time.

On September 1, 2004, a circuit court judge issued an "Order Approving Administrative Order" stating, in part:

> "THE COURT HEREBY FINDS AS FOLLOWS:
>
> "The Administrative Order complies with the formula established by ORS Chapter 25.
>
> "IT IS THEREFORE HEREBY ORDERED, ADJUDGED, AND DECREED as follows:
>
> "The Administrative Order dated and mailed on July 26, 2004, resulting from the hearing by the Employment Division [sic] of the State of Oregon conducted on July 7, 2004, is approved."

According to OJIN, that approval order was filed on September 1, 2004, and entered on September 2; the OJIN entry reads, "Order Approving Admin Order." (Boldface omitted.)

---

[2] The language regarding presentation for a judge's signature apparently refers to the requirement that, if the ALJ orders modification of a court order, the ALJ's order must be "reviewed and approved by the court that entered the [original support] order," and, until such review occurs, the order "is not effective." ORS 416.425(10).

Mother filed her petition for review seeking *de novo* review with the circuit court on October 26, 2004. The timeliness of that petition must be determined under ORS 416.427(6), which provides, in part:

"Appeal of the order of the administrative law judge * * * may be taken to the circuit court of the county in which the order has been entered pursuant to ORS 416.440 for a hearing de novo. The appeal shall be by petition for review filed within 60 days after the order has been entered pursuant to ORS 416.440."

At the beginning of the hearing regarding that petition, the state moved to dismiss, arguing that mother's appeal was untimely. The trial court granted the state's motion, determining that mother's petition for review was not filed within the applicable 60-day period.

As noted above, the time limitation for filing an appeal of an administrative child support modification order is set out in ORS 416.427(6): The appeal must be "filed within 60 days after the [ALJ's] order has been entered pursuant to ORS 416.440." ORS 416.440, in turn, provides, in part:

"(1) The documents required to be filed for purposes of subsection (2) of this section include all the following:

"(a) A true copy of any order entered, filed or registered by the administrator or administrative law judge pursuant to ORS 416.400 to 416.470 or ORS chapter 110.

"* * * * *

"(2) The documents described under subsection (1) of this section shall be filed in the office of the clerk of the circuit court * * * in the county where the court order was entered if the administrative order is an order modifying a court order. Upon receipt of the documents, the clerk shall enter the order in the register of the circuit court and shall note in the register that the order creates a lien.

"(3) Upon entry in the register under subsection (2) of this section, the order shall have all the force, effect and attributes of a judgment of the circuit court, including but not limited to:

"(a) Creation of a judgment lien under ORS chapter 18; and

"(b)   Ability to be enforced by contempt proceedings and pursuant to ORS 18.252 to 18.850.

"(4)   Notwithstanding subsection (3) of this section, an administrative order modifying a court order shall not become effective until reviewed and approved by the court under ORS 416.425(10)."

Our first task, therefore, is to determine when the ALJ's order was "entered pursuant to ORS 416.440." ORS 416.427(6).

ORS 416.440(2) specifies that entry of the order must be "in the register of the circuit court." The Supreme Court has explained that " 'entered in the register' * * * refers to the formal entry of the document in the court's register as described in ORS 7.020." *Ryerse v. Haddock*, 337 Or 273, 276, 95 P3d 1120 (2004) (footnote and citation omitted). ORS 7.020 provides:

"The register is a record wherein the clerk or court administrator shall enter, by its title, every action, suit or proceeding commenced in, or transferred or appealed to, the court, according to the date of its commencement, transfer or appeal. Thereafter, the clerk or court administrator shall note therein all the following:

"(1)   The date of any filing of any paper or process.

"(2)   The date of making, filing and entry of any order, judgment, ruling or other direction of the court in or concerning such action, suit or proceeding.

"(3)   Any other information required by statute, court order or rule."

The register for Oregon circuit courts is OJIN.[3] Thus, to determine when the ALJ's order was entered in the register so as to begin the 60-day period, we consult OJIN. We conclude that the order was not entered in OJIN until

---

[3] ORS 7.095(1) provides that "the Chief Justice of the Supreme Court may authorize records to be kept by use of electronic data processing equipment." On June 10, 1986, the Chief Justice issued Order No. 86-36, which authorized the courts of Oregon "to keep their records by the use of electronic data processing equipment." Then on October 8, 1990, the Chief Justice issued Order No. 90-129, providing that, with exceptions not relevant to this case, for Oregon circuit courts "all new entries to the 'register,' as defined by ORS 7.020, * * * shall be maintained in the Oregon Judicial Information Network (OJIN) * * *."

September 2, the first date that an OJIN entry refers to the order.

In the context of an inaccurate OJIN entry regarding a judgment, we have observed that "for the register to be meaningful and useful, both as a public record and as a tool of judicial administration, it must accurately describe *what* is filed and not merely *when* it is filed." *Patrick v. Otteman,* 158 Or App 175, 186, 974 P2d 217, *rev den,* 328 Or 594 (1999). That reasoning applies with equal force when a register entry makes no reference at all to the existence of an order. Here, the August 9 entry, although accurate as far as it went, did not describe the filing of the administrative order. Although the clerk received a copy of the ALJ's order with the certification, no entry in OJIN reflects that an administrative order was entered at that time; instead, OJIN refers to the filing and entry of a "Certificate Circuit Court" on August 9. That entry, which contained no reference to the administrative order, was insufficient to constitute entry of the ALJ's order "in the register" pursuant to ORS 416.440(2). The ALJ's order was not entered in OJIN until September 2, when the trial court's "Order Approving Admin Order" was entered, effectively incorporating the ALJ's order. Thus, mother's petition for review, filed within 60 days of September 2, was timely.

Because the parties fully briefed the issue whether, under ORS 416.440, the clerk could have entered the ALJ's order before the trial court had reviewed and approved it, and to provide possible guidance on remand, we note that the clerk was not required to wait to enter the ALJ's order until it had been approved by the trial court. Rather, when the documents listed in ORS 416.440(1), including the administrative order, are filed, the clerk must enter the administrative order in the register, even if the administrative order will have no effect unless it is reviewed and approved by a circuit court judge.

ORS 416.440(2) provides that, "[u]pon receipt of the documents [including the administrative order], the clerk shall enter the order in the register of the circuit court and shall note in the register that the order creates a lien." Although subsection (4) provides that "an administrative

order modifying a court order shall not become effective until reviewed and approved by the court under ORS 416.425(10)," nothing in that subsection limits the time when an order can be *entered*. If the legislature had intended to limit entry of orders, it could have written subsection (4) to do so; instead, it chose to limit the *effectiveness* of an administrative order without limiting its entry into the register. The statute contemplates that orders will be entered when they are filed, without any determination as to their effectiveness, but that those orders that are subject to review under ORS 416.425(10) will not become effective until they are reviewed and approved.

We acknowledge that it may seem inefficient to require a party to petition for review of an administrative order that, given the circuit court's required review, may never become effective. However, it would seem at least equally inefficient to require a circuit court to review an administrative order modifying a court order twice—once automatically pursuant to ORS 416.425(10) and again on a party's petition pursuant to ORS 416.427(6). In any event, our view of the relative merits of such possible approaches does not matter, because the statutory directive is unambiguous.

Because the ALJ's order was not entered pursuant to ORS 416.440 until September 2, mother's petition for review to the circuit court was timely filed. Accordingly, we also reverse the trial court's award of attorney fees to father.

Reversed and remanded.